UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY POWELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MILA BALDOS,<br><br>　　　　Defendant. | No.  2:22-cv-1311 AC P<br><br><br>ORDER |

　　　　Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.　　Application to Proceed In Forma Pauperis

　　　　Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  ECF Nos. 2, 5.  Accordingly, the request to proceed in forma pauperis will be granted.

　　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II. <u>Statutory Screening of Prisoner Complaints</u>

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989) (quoting <u>Neitzke</u>, 490 U.S. at 327), <u>superseded by statute on other grounds as stated in</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. <u>Franklin</u>, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (alteration in original) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." <u>Id.</u> (alteration in original) (quoting 5 Charles Alan Wright & Arthur

2

R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III. Complaint

Plaintiff alleges that defendant Baldos violated his rights under the First, Eighth, and Fourteenth Amendments. ECF No. 1. After defendant denied plaintiff's request for a work break, plaintiff responded that "slavery is over." Id. at 4. Defendant then "got hostile" and blew her whistle, alerting nearby correctional officers who responded to the scene. Id. A responding officer told defendant that she was "out of line" for blowing her whistle when plaintiff had not broken any rules, and defendant proceeded to file a rules violation report (RVR) in which she falsely reported that plaintiff threatened her. Id. The RVR was later found to be fabricated and was dismissed. Id. Defendant further violated plaintiff's right to freedom of speech and retaliated against him by preventing him from working for sixty days, which constituted cruel and unusual punishment because he was unable to purchase food or hygienic products. Id. at 4-6.

Plaintiff alleges that defendant's conduct was racially motivated because she has a problem with and discriminates against people of other races. Id. at 5-6. For example, defendant falsely accused inmate Perez of having a knife and told inmate Morris that "she never met a good black person and that Black people don[']t bath[e]." Id. at 5 (citing attached declarations from Perez and Morris (id. at 10, 14)).

////

////

### IV. Claims for Which a Response Will Be Required

To the extent plaintiff is attempting to allege that the falsified charges, in and of themselves, violated his constitutional rights, the allegation does not support a claim for relief. See Hines v. Gomez, 108 F.3d 265, 268 (9th Cir. 1997) ("[T]here are no procedural safeguards protecting a prisoner from false retaliatory accusations."). However, it is a fundamental principle that "[p]risoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." Harrington v. Scribner, 785 F.3d 1299, 1305 (9th Cir. 2015) (quoting Wolff v. McDonnell, 418 U.S. 539, 556 (1974)). The allegation that defendant's conduct toward plaintiff—including filing the falsified RVR—was because of plaintiff's race therefore implicates the Equal Protection Clause.

Plaintiff supports this claim with declarations from two other inmates: one who appears may be a person of color and avers that he was also a victim of defendant's false accusations and verbal abuse and another who attests that defendant has made racially inflammatory comments. Defendant's past conduct, coupled with the lack of any other valid reason for her attempts to discipline plaintiff, supports an inference that defendant's conduct in the instant case was racially motivated, thus stating a valid claim for relief.

### V. Failure to State a Claim

#### A. Freedom of Speech

"[A]s a general matter, the First Amendment means that government has no power to restrict expression because of its message, its ideas, its subject matter, or its content. United States v. Alvarez, 567 U.S. 709, 716 (2012) (alteration in original) (quoting Ashcroft v. ACLU, 535 U.S. 564, 573 (2002)). "[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Pell v. Procunier, 417 U.S. 817, 822 (1974).

Plaintiff's allegation that defendant blew on her whistle and falsified an RVR because he said that "slavery is over" is insufficient to state a claim for violation of his right to free speech. Plaintiff has not alleged sufficient facts to show that defendant attempted to restrict his expression because of "its message, its ideas, its subject matter, or its content." Alvarez, 567 U.S. at 716.

The complaint instead suggests that defendant was harassing plaintiff because of his race and trying to punish him for taking a work break and talking back to her.

### B. Retaliation

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted) (citations omitted).

Here, plaintiff has failed to identify protected conduct that motivated the adverse action against him. Activities such as filing a grievance or civil lawsuit are protected conduct. Argumentative or confrontational conduct such as his response when defendant ordered him back to work is not. See Gordon v. Gaeta, No. 1:18-cv-1572 LJO EPG P, 2019 WL 1572529, at *3, 2019 U.S. Dist. LEXIS 62815, at *5 (E.D. Cal. Apr. 11, 2019) ("confrontational, disrespectful, and argumentative" conduct by prisoner not protected by First Amendment (collecting cases)).

### C. Deliberate Indifference

A prison official does not violate the Eighth Amendment unless their act or omission resulted in "the denial of the minimal civilized measure of life's necessities" and the official acted with "deliberate indifference to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citations and internal quotation marks omitted). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." Id. at 837.

Here, plaintiff has alleged that defendant prevented him from working for sixty days, resulting in his inability to purchase food or hygiene products due to the loss of income. However, plaintiff has not explained why this constituted an excessive risk to his health or safety, given that he is a prisoner whom the state is required to provide with meals and hygiene products regardless of ability to pay. As such, plaintiff has failed to allege facts to show that defendant denied him "the minimal civilized measure of life's necessities."

VI.     Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state cognizable claims for violation of plaintiff's due process rights or his rights under the First and Eighth Amendments. However, it appears that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend the complaint if he desires. Plaintiff may proceed forthwith to serve defendant Baldos on his equal protection claim or he may delay serving defendant and amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his equal protection claim against defendant Baldos without amending the complaint, the court will proceed to serve the complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of the due process, free speech, retaliation, and deliberate indifference claims.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th

Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VII.     Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted. That means you do not have to pay the entire filing fee now. You will pay it over time, out of your trust account.

Some of the allegations in the complaint state claims against the defendant and some do not. Your allegation that defendant Baldos harassed you because of your race states an equal protection claim. Your other allegations do not state any claims for relief. With respect to your free speech claim, you must allege facts to show that Baldos was trying to limit the message, ideas, or content of your speech. To state a claim for retaliation you must allege facts showing that you engaged in protected conduct, such as filing a grievance or civil suit, and Baldos took negative action against you because of that conduct for no valid reason. Finally, to state a claim for cruel and unusual punishment, you must allege facts that show how not working presented an excessive risk to your health or safety and that Baldos was aware of and ignored that excessive risk. There is no due process violation for issuing a false RVR.

You have a choice to make. You may either (1) proceed immediately on your equal protection claim and voluntarily dismiss the other claims or (2) try to amend the complaint. If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice your due process and First and Eighth Amendments claims. If you choose to file a first amended complaint, it must include all claims you want to bring. Once an amended complaint is filed, the court will not look at any information in the original complaint. **Any claims and information not in the first amended complaint will not be considered.** You must complete the attached notification showing what you want to do and return it to the court. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for defendants to be served).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff's allegations that his due process rights and rights under the First and Eighth Amendments were violated do not state claims for which relief can be granted.

4. Plaintiff has the option to proceed immediately on his equal protection claim against defendant Baldos as set forth in Section IV above, or to amend the complaint.

5. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of the due process and First and Eighth Amendment claims against defendant Baldos.

DATED: February 27, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE


UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY POWELL,<br><br>   Plaintiff,<br><br>   v.<br><br>MILA BALDOS,<br><br>   Defendant. | No. 2:22-cv-1311 AC P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his equal protection claim against defendant Baldos without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice his due process and First and Eighth Amendment claims against defendants Baldos pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

                                                                 _____
                                                                 Troy Powell<br>
                                                                 Plaintiff pro se